11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

John Earl Johnson

Appellant

Vs.                   Nos.
11-01-00371-CR & 11-01-00372-CR  --  Appeals from Dallas County

State of Texas

Appellee

 

In Cause No. 11-01-00371-CR, the trial court
convicted appellant, upon his open plea of guilty, of the offense of possession
with the intent to deliver more than 4 grams but less than 200 grams of
cocaine.  Appellant pleaded true to the
enhancement allegations, and the trial court assessed his punishment at
confinement for 25 years.  In Cause No.
11-01-00372-CR, the trial court convicted appellant, upon his open plea of
guilty, of the unlawful possession of a firearm by a felon.  Appellant pleaded true to the enhancement
allegation, and the trial court assessed his punishment at confinement for 20
years.  We affirm.  








In his sole point of error in each case, appellant
challenges the denial of his pretrial motion to suppress.  Appellant urges that the cocaine and the
firearm were illegally seized without a search warrant in violation of his
rights under the United States Constitution, the Texas Constitution, and the
Texas Code of Criminal Procedure.  In
reviewing a trial court=s
ruling on a motion to suppress, appellate courts must give great deference to
the trial court=s
findings of historical facts as long as the record supports the findings.  Guzman v. State, 955 S.W.2d 85, 87
(Tex.Cr.App.1997).  Because the trial
court is the exclusive fact finder, the appellate court reviews evidence adduced
at the suppression hearing in the light most favorable to the trial court=s ruling.  Carmouche v. State, 10 S.W.3d 323
(Tex.Cr.App.2000).  We also give
deference to the trial court=s
rulings on mixed questions of law and fact when those rulings turn on an
evaluation of credibility and demeanor. 
Guzman v. State, supra.  Where
such rulings do not turn on an evaluation of credibility and demeanor, we
review the trial court=s
actions de novo.  Guzman v. State,
supra; Davila v. State, 4 S.W.3d 844 (Tex.App. - Eastland 1999, no pet=n).  

Two witnesses testified at the hearing on the motion
to suppress:  Officers Marshal McLemore
and Scott Robert Sayers.  Officer
McLemore testified that he conducted surveillance of appellant=s apartment complex at the
request of two other officers who had received complaints about drug activity
in that complex.  Within 15 minutes,
Officer McLemore noticed four separate individuals go to appellant=s door, knock, engage in a
short conversation with appellant at the door, enter the apartment, stay inside
for a minute or less, and then leave. 
Officer McLemore then saw three more people enter the apartment.  Based on his experience, Officer McLemore
believed that drugs were being sold at the apartment.  He notified the other officers, and they decided to investigate
further.  The three officers walked to
appellant=s door.  As Officer Sayers approached the door and
was about to knock on it, the door opened. 
When the door opened, the officers saw a man, Kevin Miller, about to
leave the apartment.  However, when
Miller saw the officers, he dropped a baggie and retreated back into the
apartment.  The officers, believing that
crack cocaine was in the baggie, entered the apartment through the open door in
pursuit of Miller and the baggie.  While
apprehending Miller, Officer Sayers saw appellant throw two baggies down.  Appellant then attempted to retreat into the
back bedroom.  Officer Sayers followed
appellant and Agot him
down@ as he entered
the bedroom.  In the bedroom in an open
closet, Officer Sayers noticed a pistol in plain view.  Next to the pistol and also in plain view
was a tray that contained several more rocks of crack cocaine, some packaged
and some not.  

A peace officer may arrest an offender without a
warrant for any offense committed in the officer=s
presence or within his view.  TEX. CODE
CRIM. PRO. ANN. art. 14.01(b) (Vernon 1977). 
However, an officer may not enter a residence to make the warrantless
arrest absent consent or exigent circumstances.  TEX. CODE CRIM. PRO. ANN. art. 14.05 (Vernon Supp. 2002).  As we stated in Waugh v. State, 51 S.W.3d 714,
718 (Tex.App. - Eastland 2001, no pet=n),
exigent circumstances include pursuing a fleeing suspect and preventing the
destruction of evidence:  








A police officer may enter a
house without a warrant under exigent circumstances, such as during the hot
pursuit of a fleeing suspect.  Welsh v.
Wisconsin, 466 U.S. 740, 749-50, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984); United
States v. Santana, 427 U.S. 38, 42-43, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976).  The possible destruction of evidence also
allows the police to make a warrantless entry into a house.  See Vale v. Louisiana, 399 U.S. 30, 34-35,
90 S.Ct. 1969, 26 L.Ed.2d 409 (1970).  

The officers in this case had a right to approach
appellant=s front door
in order to knock on the door. 
Rodriguez v. State, 653 S.W.2d 305 (Tex.Cr.App.1983); Van Baker v.
State, 56 S.W.3d 803 (Tex.App. - Eastland 2001, no pet=n). 
When the occupants of appellant=s
apartment opened the door, they relinquished any subjective expectation of
privacy in any illegal activity that could be readily detected by someone
standing at the doorway.  Rodriguez v.
State, supra at 307.  From the doorway,
the officers saw Miller drop a baggie that they reasonably believed contained cocaine.  Miller=s
attempt to flee into the apartment after abandoning the cocaine created exigent
circumstances allowing the officers to enter the apartment in hot pursuit of
Miller in order to detain and arrest him. 
Furthermore, the officers could have reasonably concluded that the
contraband would be destroyed or removed before they could obtain a search
warrant.  See McNairy v. State, 835
S.W.2d 101, 107 (Tex.Cr.App.1991). 
After a lawful entry based upon exigent circumstances, the officers saw
appellant commit an offense within their view. 
Then, upon pursuing appellant, the officers saw the firearm and more
cocaine in plain view.  Evidence located
in plain view from a legal vantage point may be seized without a warrant.  Horton v. California, 496 U.S. 128, 135
(1990).  Under the circumstances in this
case, we hold that the trial court did not abuse its discretion in denying
appellant=s motion to
suppress.  Appellant=s sole point of error is
overruled.  

The judgments of the trial court are
affirmed.  

 

PER CURIAM

 

July 25, 2002

Do not publish. 
See TEX.R.APP.P. 47.3(b).

Panel
consists of:  Arnot, C.J., and 

Wright,
J., and McCall, J.